**Brittany SCOTT, Plaintiff,**

v.

**CITY OF SIOUX CITY, IOWA, et al., Defendants.**

**No. C13–4064–MWB.**

United States District Court, N.D. Iowa, Western Division.

Feb. 11, 2014.

Stanley E. Munger, Munger, Reinschmidt & Denne, Sioux City, IA, for Plaintiff.

Randall H. Stefani, Lindsay Ann Vaught, Ahlers & Cooney, PC, Des Moines, IA, Stacey Laurene Hall, Nyemaster Goode, Cedar Rapids, IA, for Defendants.

## ORDER

LEONARD T. STRAND, United States Magistrate Judge.

Plaintiff Brittany Scott (Scott) has filed a motion (Doc. No. 13) for order permitting her to take more than ten depositions in this case. Defendant City of Sioux City, Iowa (City), has filed a resistance (Doc. No. 16) and defendant Paul Eckert (Eckert) has filed a joinder (Doc. No. 17) in that resistance. Scott has filed a reply (Doc. No. 19). I conducted a telephonic hearing on February 10, 2014. Attorney Stanley Munger appeared for Scott. Attorneys Randall Stefani and Lindsay Vaught appeared for the City and attorney Stacey Hall appeared for Eckert. The motion is now fully submitted. Because some of the disputed depositions are scheduled to occur later this week, I agreed to rule on this motion in an expedited manner.

### BACKGROUND

In her complaint, Scott alleges that she has been employed by the City since 1997 and that she has been subject to various acts of sexual harassment and retaliation dating back to 2000. She asserts claims under both federal and Iowa law. The defendants have filed answers in which they deny Scott's allegations and deny any liability to her.

Scott has taken six depositions, so far, including Eckert's. Her counsel has further notified counsel for the defendants of his belief that a series of additional depositions are necessary. Indeed, according to a deposition notice served January 8, 2014, Scott seeks to take a total of twenty-one depositions in this case (as of now[1]), including those already taken. Scott filed her current motion after counsel were able to reach agreement concerning any depositions in excess of the ten that Scott may take, as of

right, pursuant to the Federal Rules of Civil Procedure.

### ANALYSIS

■ Federal Rule of Civil Procedure 30 states, in relevant part:

**(a) When a Deposition May Be Taken.**

* * *

(2) *With Leave.* A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):

(A) if the parties have not stipulated to the deposition and:

(i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;

Fed.R.Civ.P. 30(a)(2). Rule 26(b)(2), referenced in Rule 30(a)(2), states, in relevant part:

**(b) Discovery Scope and Limits.**

* * *

(2) *Limitations on Frequency and Extent.*

(A) *When Permitted.* By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.

* * *

(C) *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the

---

**1.** Scott's counsel does not wish to rule out the possibility that additional depositions may be-

come necessary as discovery progresses.

information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2). The parties generally agree that the interplay between these rules means that a party seeking to take more than ten depositions must make a "particularized showing" why the additional depositions are necessary. *See, e.g.,* Doc. No. 13–1 at 1 (citing cases); Doc. No. 16 at 2 (citing cases). While the parties agree on the relevant legal standard, they disagree on its application to this case.

Scott contends that she has made the requisite "particularized showing" by pointing out, *inter alia,* (a) that this case involves conduct that allegedly occurred over a series of many years, (b) that the proposed deponents are current or former City employees (or Council) members, many of whom cannot be contacted by Scott's counsel due to their current relationship to the City, (c) that each of the proposed deponents has been identified by the City as having potentially-relevant information and (d) that sworn testimony from some or all of the proposed deponents may be critical when it comes time to resist the defendants' likely, future motions for summary judgment. Scott also provides a witness-by-witness description of each proposed deponent's likely relevance. *See* Doc. No. 13–1 at 3–4.

The defendants counter that Scott overstates the need for the depositions. They contend that Scott has failed to exhaust less-expensive methods of obtaining the information that might be derived from the proposed depositions. For example, the defendants note that many of the proposed deponents *are* available to be interviewed by Scott's counsel. They also note that in resisting motions for summary judgment, Scott may obtain and rely on sworn affidavits in lieu of deposition testimony. Thus, they contend that Scott has not made the showing necessary to exceed the ten-deposition limit in this case.

■ Having carefully reviewed the parties' arguments, and the materials submitted, I find that Scott has easily made the "particularized showing" necessary to take the depositions she has requested. In making this finding, I first note that none of the factors listed in Rule 26(b)(2)(C) that might justify limitations on discovery are present. Scott has demonstrated that each proposed deponent is likely to possess relevant information and that, for the most part, depositions represent the only feasible method for Scott to obtain that information. Certain proposed deponents are ethically "off limits" to Scott's counsel due to their existing positions with the City. While others may be hypothetically available, none would be required to provide information to Scott's counsel informally, nor would they be required to sign affidavits. If (or more likely, when) the defendants file motions for summary judgment, there is no guarantee that Scott would be in a position to provide sworn testimony in resistance to those motions if she is not able to depose the witnesses at issue. Rule 30(a)(2) expressly refers me to Rule 26(b)(2), and I find nothing in that Rule that would justify depriving Scott of the opportunity to conduct the proposed depositions.

■ I am also guided by the general theory of discovery in federal civil actions. The Federal Rules of Civil Procedure authorize broad discovery. *See* Fed.R.Civ.P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."). Thus, the "Discovery Rules are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement.'" *Marook v. State Farm Mut. Auto. Ins. Co.,* 259 F.R.D. 388, 394 (N.D.Iowa 2009) (quoting *Rolscreen Co. v. Pella Prods.,* 145 F.R.D. 92, 94 (S.D.Iowa 1992)). Scott has a right to investigate her claims, gather relevant information and prepare for trial (and for the defense of dispositive motions). In this regard, I interpret Rule 30(a)(2)'s ten-deposition limit as a useful

and appropriate "Stop" sign, not as a "Road Closed" sign. Once any party has taken ten depositions, it makes perfect sense to require that party to demonstrate the need for more. But that showing need not be onerous. If the need exists, discovery should not be prevented.

Scott has made the required showing. As such, I hold that she must be granted leave, pursuant to Rule 30(a)(2), to conduct the additional depositions she has proposed. In particular, and so long as the Rules of Procedure otherwise permit,[2] Scott may depose each witness listed in her January 8, 2014, deposition notice (filed herein as Docket Number 13–3). However, Scott shall not notice the depositions of any additional witnesses without first obtaining either the consent of both defendants or leave of court.

### CONCLUSION

As set forth herein, plaintiff Brittany Scott's motion (Doc. No. 13) to take more than ten depositions is **granted.**

**IT IS SO ORDERED.**

---

**2.** By this I simply mean that neither the defendants nor the proposed deponents are deemed to have waived any other valid objections that may exist concerning the depositions at issue.